FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 08 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARLOS EUNDRA BROOKS<br><br>Plaintiff,<br><br>vs.<br><br>NICOLE LAMBERT, individually,<br>CHRISTOPHER S. THORNTON, individually,<br>JOHN E. MILLER individually,<br>BRADLEY ETTERLE, individually,<br>GREGORY WRAY, individually, and<br>CITY OF ATLANTA.<br><br>Defendants. | CIVIL ACTION FILE NO.<br>1:12-CV-1544-JOF<br><br>JURY TRIAL REQUESTED |

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

1. COMES NOW PLAINTIFF CARLOS EUNDRA BROOKS and brings this COMPLAINT seeking damages and declaratory relief against Defendants pursuant to 42 U.S.C. §1983. This action arises from the arrest of Plaintiff without probable cause on May 2, 2010, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. This Complaint also seeks redress for the state law torts committed by individual Defendants, including false imprisonment, arrest without probable cause, and battery.

### JURISDICTION

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as this action arises under the laws and Constitution of the United States; pursuant to 42 U.S.C. § 1983; pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367;

and pursuant to 28 U.S.C. § 2201 and 2202. This Court is authorized to grant declaratory relief pursuant to 28 U.S.C.A. § 2201 and 28 U.S.C. § 2202.

## VENUE

3.  Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391 because at least one Defendant resides in this district, all Defendants reside in this State, and because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

4.  Plaintiff Carlos Eundra Brooks ("Brooks") is a resident of Georgia.

5.  Defendant Nicole Lambert ("Defendant Lambert") is a Sergeant of the Atlanta Police Department and acted under color of state law at all times pertinent to the allegations in this complaint. She is sued in her individual capacity.

6.  Defendant Christopher S. Thornton ("Defendant Thornton") is an officer of the Atlanta Police Department and acted under the color of state law at all times pertinent to the allegations in this complaint. He is sued in his individual capacity.

7.  Defendant John E. Miller ("Defendant Miller") is an officer of the Atlanta Police Department and acted under color of state law at all times pertinent to the allegations in this complaint. He is sued in his individual capacity.

8.  Defendant Bradley Etterle ("Defendant Etterle") is an officer of the Atlanta Police Department and acted under color of state law at all times pertinent to the allegations in this complaint. He is sued in his individual capacity.

9. Defendant Gregory Wray ("Defendant Wray") is an officer of the Atlanta Police Department and acted under the color of state law at all times pertinent to the allegations in this complaint. He is sued in his individual capacity.

10. The City of Atlanta is a municipal governmental entity and maintains and office at 55 Trinity Avenue, SW, Atlanta, Georgia whose policies, practices and customs were a moving force in the constitutional and statutory violations set out herein.

11. Defendant Lambert, Defendant Thornton, Defendant Miller, Defendant Etterle and Defendant Wray are hereinafter collectively referred to as "Defendant Officers."

## FACTUAL ALLEGATIONS

12. In the early morning hours of Monday, May 3, 2010 Defendant Officers arrived at the Sanabella Restaurant (hereinafter, "The Sanabella") in Northwest Atlanta, where they found the door locked.

13. Defendant Thornton offered the following untruthful statement in his narrative contained in the incident report for Atlanta Police Department Incident Number 10-123-0230-00 as the predicate for forced entry into the restaurant: "Through the front red door window, I observed several patrons inside actively consuming alcoholic beverages as well as eating." In fact, the rear wall of The Sanabella's small entrance vestibule was the only part of the restaurant that was visible from the front door window. No plausible set of facts exist that would have rendered Defendant Thornton or any other officer capable of observing any activity inside of the restaurant dining area from outside. Nevertheless, Defendant Officers summoned Atlanta Fire Rescue to force unlawful entry into the restaurant.

14. Under explicit instructions and commands of Defendant Officers, Atlanta Fire Rescue officers pried open the locked door of The Sanabella with a crow bar and hammer.

15. Plaintiff, an employee of The Sanabella, was inside of the restaurant with non-patron occupants when Defendant Officers entered. Defendant Officers ordered all occupants to lie on the ground and Defendants demanded identification from everyone, without cause. Defendant Officers then ran all occupant identification without probable cause to do so.

16. Defendant Officers arrested and subsequently incarcerated Plaintiff, charging him with Obstruction of a Law Enforcement Officer pursuant to O.C.G.A. § 16-10-24 (a) and Sale of Alcohol on Sunday pursuant to O.C.G.A. § 3-3-7.

17. Defendant Officers charged Plaintiff with Obstruction of a Law Enforcement Officer pursuant to O.C.G.A. § 16-10-24 (a) and Sale of Alcohol on Sunday pursuant to O.C.G.A. § 3-3-7, without probable cause to do so.

18. Defendant Officers did not witness Mr. Brooks serving alcohol.

19. No statute or ordinance exists that would have prohibited the presence of non-patron individuals inside of The Sanabella at the time that Defendant Officers forced entry into the premises.

20. O.C.G.A. § 3-3-7, Sale of Alcohol on Sunday, is inapplicable to the facts of this case because the incident occurred on a Monday morning.

21. Defendants offer no facts in official reports that would support the allegation that Plaintiff at any time knowingly or willfully obstructed or hindered any law enforcement officer in the lawful discharge of his or her official duties in violation of O.C.G.A. § 16-10-24 (a).

4

22. Although Defendant Thornton cited Plaintiff for alleged violations of O.C.G.A. § 16-10-24 (a) and O.C.G.A. § 3-3-7, Plaintiff was never prosecuted by any court for the aforementioned offenses.

23. Defendant Thornton memorialized his intent to target Plaintiff before entering The Sanabella in his narrative: "I inquired the 'clean up man' [sic] if the owner (Mr. Carlos Brooks) was inside the bar/club. Though the 'clean up man' couldn't confirm. [sic]"

24. Defendant Thornton's inquiry about Plaintiff indicates his specific intent to cause harm to Plaintiff.

25. Contrary to Defendant Thomas' statement, Plaintiff is not the owner or licensee of The Sanabella. *(Incident Report, Atlanta Police Department Case No. 10-123-0230-00).*

26. Defendant Thornton and other officers were permitted by the Atlanta Police Department and City of Atlanta to engage in a continued pattern of harassment of Plaintiff and The Sanabella over an extended period of time.

## CLAIMS FOR RELIEF

### Unreasonable Seizure

27. The Defendant Officers had no particularized, reasonable, articulable or objective basis to suspect that Plaintiff was involved in criminal activity.

28. The detention of Plaintiff constituted an arrest, was conducted without probable cause, and was unreasonable and in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

29. The Defendant Officers violated clearly established law; no reasonable officer could have believed that it was lawful to arrest an individual without probable cause.

30. Defendant Officers exercised their authority as police officers to effect the seizure of Plaintiff.

31. Defendant Officers' seizure of Plaintiff was conducted pursuant to an Atlanta Police Department policy, practice and/or custom with the force of law to conduct warrantless raids of business establishments and arrest employees on the premises without probable cause to believe that a crime had been committed. Plaintiff incorporates by reference the investigative report published by Greenberg Traurig, LLP on June 7, 2011 regarding the Atlanta Police Department's illegal raid of The Eagle Bar on October 10, 2011.

### False Imprisonment & Arrest without Probable Cause

32. Defendants falsely imprisoned Mr. Brooks in contravention of O.C.G.A. § 51-7-20 and O.C.G.A. § 51-7-1, torts for which an action for damages are proper.

33. The false imprisonment and arrest of Plaintiff were the act of the several Defendants jointly, and Defendants are jointly and severally liable for the entire damages pursuant to O.C.G.A. § 51-7-20.

34. Defendant Officers acted with malice in falsely imprisoning and arresting Plaintiff and did so under color of law or legal process.

### Battery

35. Defendants intended to make harmful or insulting or provoking contact with Plaintiff by seizing him and placing him under arrest without probable cause. Defendants'

6

actions would have been offensive to an ordinary person. Such acts constitute battery, a tort for which damages are proper pursuant.

36.  The battery of Plaintiff was the act of Defendant Officers jointly, and Defendants are jointly and severally liable for the entire damages pursuant to Georgia Law.

37.  The tort of battery was committed under color of law or legal process.

## PRAYER FOR RELIEF

On the basis of the foregoing, Plaintiff respectfully prays that this Court:

1) Assume jurisdiction over this action;

2) Award Plaintiff actual damages, including compensation for physical pain and injury, mental anguish, and emotional distress;

3) Award Plaintiff general damages in an amount to be determined by the jury;

4) Award Plaintiff nominal damages for violations of Plaintiff's constitutional rights;

5) Award Plaintiff punitive (exemplary) damages against the individual Defendants to the extent permitted by law;

6) Declare that Defendants violated Plaintiff's rights under the United States Constitution;

7) Award attorney's fees under 42 U.S.C. § 1988 and any other applicable provisions of law; and

8) Award such other and further relief as the Court deems just and proper.

A JURY TRIAL IS REQUESTED.

Respectfully submitted this __3__ day of May, 2012.


_____
Ken Jones, Esq.
Bar No. 435125
Attorney Ken Jones, LLC
677 Providence Place
Atlanta, GA 30331
(404) 642-3382
attykenjones@gmail.com